

**New York | Los Angeles | Philadelphia | Miami | New Jersey | San Francisco | San Diego | Washington, D.C.**

June 26, 2025

**VIA ECF**
Honorable James R. Cho
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>**DAOUD NELSON v. AKELIUS REAL ESTATE MANAGEMENT LLC, et al.**
            **Civil Action No. 25-cv-03269 (JRC)**</u>

Dear Honorable Magistrate Judge Cho:

    We represent Plaintiff Daoud Nelson in the above-referenced matter. We write in response to Defendants' letter dated June 18, 2025 (ECF No. 8) and to respectfully request that the Court grant leave for Plaintiff to file a motion to remand this action to state court, or alternatively to remand sua sponte for lack of subject matter jurisdiction. Defendants removed this case from state court on June 11, 2025 based solely on Plaintiff's New York state-court Summons with Notice, which mentioned a claim under 42 U.S.C. § 1981. No complaint has yet been filed in this action and Plaintiff will refrain from filing one until after the motion to remand is decided in order to preserve the jurisdictional posture.[1] Plaintiff intends to omit the sole federal claim, a § 1981 claim entirely from any forthcoming complaint, meaning that no federal cause of action will be asserted. In light of these facts, continued federal jurisdiction is lacking and the case should be remanded to state court where it belongs. Plaintiff accordingly seeks an order returning this case to state court. The bases for this request are set forth below.

    Defendants' notice of removal was predicated on a Summons with Notice that identified a §1981 claim amongst state-law claims, even though Plaintiff had not filed or served any complaint. Under New York practice, a Summons with Notice is not considered a formal pleading; it is a device that commences the action and provides a brief notice of the nature of the claims, with the complaint to follow. In their June 18 letter, Defendants themselves acknowledged the unusual posture and noted that case law suggests a responsive pleading might not be required until after the complaint is filed. See *Stevens & Co., LLC v. Espat*, 2024 WL 4593645, at *2 (S.D.N.Y. Oct. 28, 2024).

---

[1] If remand is granted, Plaintiff is amenable to adopting the briefing and response deadlines Defendants proposed in their June 18 letter in the state court following remand, to ensure procedural continuity and avoid delay.

Plaintiff's decision to not include a §1981 (or other federal) claim at the pleading stage means no federal question will ever actually be presented. Therefore there is no basis for federal question jurisdiction in this case. The sole premise for removal—the anticipated federal claim—has been eliminated. The remaining (and as yet unfiled) claims are purely state-law claims, which this Court has no independent jurisdiction to hear absent diversity (and Defendants did not invoke diversity as a removal ground).

It is black-letter law that if at any time after removal it becomes apparent that the federal court lacks subject-matter jurisdiction, the case must be remanded to state court. See *Brevard v. Wells Fargo Co.*, No. 23-CV-7702 (PAE) (KHP), 2024 U.S. Dist. LEXIS 46510, at *3 (S.D.N.Y. Mar. 15, 2024); *see also Miles v. Miles*, 2012 U.S. Dist. LEXIS 115212, 2012 WL 3542319, at *1 (E.D.N.Y. Aug. 13, 2012) (holding that "28 U.S.C. § 1447(c) requires the district court to remand an action to state court if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.")

Here, with no federal cause of action, the Court lacks original jurisdiction and any possibility for supplemental jurisdiction evaporates. *See gen. Chapman v. Crane Co.*, 694 F. App'x 825, 827 (2d Cir. 2017). Congress expressly authorizes district courts to decline supplemental jurisdiction when all claims conferring original jurisdiction have been dismissed or omitted. See 28 U.S.C. § 1367(c)(3). The Second Circuit has made clear that a district court is "not required to retain jurisdiction of state law claims" once federal claims are gone. *See Rocco v. N.Y. State Teamsters Conference Pension & Ret. Fund*, 281 F.3d 62, 64 (2d Cir. 2002). This principle applies with even greater force at the very outset of a case. As a general rule, "when all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise supplemental jurisdiction over remaining state law claims." *Tops Mkts., Inc. v. Quality Mkts., Inc.*, 142 F.3d 90, 103 (2d Cir. 1998); *see also Spehar v. Fuchs*, No. 02-CV-9352, 2003 U.S. Dist. LEXIS 10406, 2003 WL 23353308, at *10 (S.D.N.Y June 17, 2003) (declining to exercise supplemental jurisdiction.)

Courts routinely remand removed actions when the federal claims are eliminated at an early stage, recognizing that comity and judicial economy are best served by letting state courts handle the state-law matters in the absence of any substantial federal interest. See *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).; see also *Pac. Legwear, Inc. v. Sizemore*, No. 16-CV-2064 (JMF), 2016 U.S. Dist. LEXIS 62852, at *4-5 (S.D.N.Y. May 11, 2016) (holding "absent another basis for this Court to exercise jurisdiction, Plaintiff would appear to have a strong case for remand."); *Cohen v. Postal Holdings, LLC*, 873 F. Supp. 2d 394, 405 (S.D.N.Y. 2012) (remanding case sua sponte after removal where no federal claims remained).

Courts in this District have reached the same conclusion. For example, in *Flicker v. LT Online Corp.*, 2013 WL 12200416, at *1 (E.D.N.Y. Jan. 31, 2013), after the plaintiff's amended complaint withdrew the sole federal claim, the Eastern District of New York remanded the case to state court, noting that the case "now involves only state law claims, rendering remand consistent with the comity interest that informs the doctrine of supplemental jurisdiction."

In an effort to avoid unnecessary motion practice on this jurisdictional issue, Plaintiff's counsel reached out to Defendants' counsel to meet and confer (in compliance with Local Civil Rule 37.3(a)). We proposed a stipulation whereby Plaintiff would dismiss the §1981 claim with prejudice and the parties would consent to remand of the case to Kings County Supreme Court, since no federal claim would remain. See e.g. *Ubakanma v. Midwood Chayin Aruchim Dialysis Assocs.*, No. 09-CV-2647 (DLI) (RLM), 2010 U.S. Dist. LEXIS 30095, at *1 (E.D.N.Y. Mar. 29, 2010); See also *Pogil v. KPMG, LLP*, No. 21-CV-01528-JPO, docket entry no. 25, 2021 N.Y. Misc. LEXIS 65430. This proposal would have afforded Defendants certainty that the federal claim is permanently abandoned, while promptly restoring the case to the state forum for adjudication of the state-law claims. Unfortunately, Defendants' counsel did not respond to this request, despite several follow-up attempts, and thus no agreement was reached.

In sum, Defendants removed this action on a federal question basis that no longer (indeed, never did) appears in any operative pleading. Now that Plaintiff has elected not to pursue the lone federal claim referenced in that summons, the cornerstone of federal jurisdiction is gone. There is no reason for this case to remain in federal court. Plaintiff respectfully requests that the Court either: (a) grant Plaintiff leave to file a motion to remand; or (b) alternatively, remand the case sua sponte to New York Supreme Court, Kings County, as the basis for federal jurisdiction no longer exists. We submit that remand will promote the interests of justice, conserve judicial resources, and respect the rightful jurisdiction of the state court over Plaintiff's state-law claims.

Thank you for Your Honor's time and consideration of this request.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

_____
Melissa Mendoza, Esq.
450 Seventh Avenue, 30th Floor
New York, New York 10123
332-910-5677
melissa@dereksmithlaw.com

cc: All Counsel of record via ECF