

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

**BARRY I. LEVY**
PARTNER
barry.levy@rivkin.com
(516) 357-3149

June 27, 2025

**By ECF**
Honorable Judge James R. Cho
United States Magistrate-Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  Nelson v. Akelius Real Estate Management LLC et al
>       Docket No.: 1:25-cv-03269 (JRC)

Dear Magistrate-Judge Cho:

I write on behalf of the defendants, Akelius Real Estate Management LLC, Viola Hubbard, Kimiya Khosravani, Marc Winn, and Maria Werner (collectively, "Defendants") in response to the letter filed yesterday afternoon by counsel for Plaintiff, Dauod Nelson ("Plaintiff").

There is no basis to support a sua sponte remand at this point since the pleading presently before the Court contains a federal claim – to be clear, this is not a case where the Plaintiff contends that there was a mistaken filing that included claims not originally intended. The Summons with Notice filed by Plaintiff's counsel in the Supreme Court, Kings County expressly alleges that the defendants violated 42 U.S.C. §1981. In fact, that was not an afterthought as it is the first stated basis of Plaintiff's claim against the Defendants. See D.E. 1-2 (Summons with Notice).

While the Supreme Court's recent decision in Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22 (2025) provides guidance on whether a Court can retain jurisdiction under 28 U.S.C. §1367, Royal Canin cannot be read so broadly so as to give Plaintiff carte blanche to amend so as to engage in forum shopping or to avoid potential adverse results from remaining in federal court. And the Plaintiff's offer to dismiss the federal claim with prejudice against the Defendants establishes just that. If Plaintiff averred in the Summons with Notice that there was a factual and justifiable legal basis to advance a §1981 claim against the Defendants, then what conclusion is to be drawn from the offer to dismiss other than seeking to get away from this Court, which undoubtedly is much better equipped to manage this case than the Supreme Court. Royal Canin cannot be read to encourage these types of shell games without consequences and in fact, Royal Canin preserves to the District Court its discretion, consistent with §1367(c). See 604 U.S. at 31-32. As such, Defendants would submit that the Court should undertake an analysis in connection with a properly briefed motion to determine whether the amendment is being proposed to manipulate jurisdiction (as it appears to be) and evaluate the other relevant factors. See e.g. Payne v. Parkchester North Condominiums, 134 F.Supp.2d 582, 587 (S.D.N.Y. 2001)(analyzing whether

66 South Pearl Street              25 Main Street, Court Plaza North     1301 Riverplace Boulevard     477 Madison Avenue           2649 South Road, Suite 100
Albany, NY 12207-1533              Suite 501                              Jacksonville, FL 32207-9047   New York, NY 10022-5818      Poughkeepsie, NY 12601-6843
T 518.462.3000  F 518.462.4199     Hackensack, NJ 07601-7082              T 904.792.8925  F 904.467.3461  T 212.455.9555  F 212.687.9044  T 845.473.8100  F 845.473.8777
                                   T 201.287.2460  F 201.489.0495



Honorable James R. Cho
June 27, 2025
Page 2

_____

there was a motive to amend other than to destroy jurisdiction). Indeed, a review of the Summons with Notice suggests that there may very well be other federal claims lurking in the background as it also avers that Plaintiff may potentially advance federal wage an hour claims against Defendants as he contends that Defendants are liable to him based on the "failure to pay overtime, failure to pay for all wages due". See D.E. 1-2. The point here is that until such time as there is an operative complaint that locks Plaintiff into his claims against the Defendants, there is no basis for a remand.

The Court's attention to this letter is appreciated.

                    Respectfully submitted,

                    RIVKIN RADLER LLP

                    *Barry I. Levy*

                    Barry I. Levy, Esq.

BIL/lg

Cc:    All counsel (via ECF)