## PRELIMINARY STATEMENT

Plaintiff respectfully moves to remand this case to New York State court because there is no federal subject matter jurisdiction. Defendants removed this action prematurely based solely on a New York Summons with Notice that mentioned a claim under 42 U.S.C. § 1981, even though no complaint had been filed. Plaintiff has since made it unequivocally clear that no federal claim will be asserted in the forthcoming complaint. Indeed, Plaintiff offered to dismiss the § 1981 claim with prejudice and proceed exclusively on state-law claims, but Defendants refused and accused Plaintiff of "forum shopping." As shown below, numerous courts in this Circuit have remanded cases at early stages in exactly these circumstances – where a plaintiff drops or withdraws a nascent federal claim – rejecting accusations of forum manipulation. Once Plaintiff has his opportunity to file his well pleaded Complaint it will be clear there are no federal claims in this case. This Court lacks subject matter jurisdiction and must remand the action to state court without awaiting any further pleadings, pursuant to 28 U.S.C. § 1447(c).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced his lawsuit in the Supreme Court of New York, Kings County, by the filing of a Summons with Notice (Index No. 503653/2025) on January 31, 2025. (See Affirmation of Melissa Mendoza, Esq. ("Mendoza Aff.") ¶3.) The Summons with Notice is a bare initiating document under New York practice that briefly states the nature of the claims and relief sought. In Plaintiff's Summons with Notice, one of the many claims listed was for racial discrimination under 42 U.S.C. § 1981, alongside state-law causes of action. (Mendoza Aff. ¶3.) No formal complaint was required or filed at that time, consistent with N.Y. C.P.L.R. § 305(b). On or about June 11, 2025, Defendants filed a Notice of Removal, removing the action to this Court solely on the basis of federal-question jurisdiction purportedly arising from the mention of the § 1981 claim

in the Summons with Notice. (Mendoza Aff. ¶5). After removal, Plaintiff promptly informed Defendants that no federal claim would be pursued in this case. Specifically, Plaintiff's counsel requested that Defendants stipulate to dismiss the § 1981 claim with prejudice and consent to remand the case back to state court, since all remaining claims are governed exclusively by state law. (Mendoza Aff. ¶6). Defendants, however, refused to so stipulate. Instead, they asserted that Plaintiff was attempting to manipulate the forum and should be required to litigate in federal court because a federal claim had once been referenced. (Id. ¶7.) Given Defendants' refusal, Plaintiff sought the Court's permission to move for remand. (Id. ¶8.) To date, no complaint has been filed in this action (state or federal), and Plaintiff confirms that the forthcoming complaint will not include any federal cause of action. (Id. ¶9.) The only potential federal claim – the § 1981 claim – is thus effectively withdrawn and can be formally dismissed with prejudice at the Court's direction. The case now consists (and will consist) solely of state and local claims such as New York Executive Law § 296, et seq. ("NYHRL"), Title 8 of the Administrative Code of the City of New York ("NYCHRL"), New York Achieve Pay Equity Act ("APEA"), New York Labor Law ("NYLL") §215, Article 6, §§ 190 et seq., and Article 19, §§ 650 et seq., and the common laws of the State of New York which belong in the state forum Plaintiff originally chose.

## ARGUMENT

### I.    STANDARD FOR REMOVAL AND REMAND

"A motion to remand for lack of subject matter jurisdiction may be brought at any time while the action is pending in federal court, pursuant to 28 U.S.C. § 1447(c)." *Alvarado v. Sweetgreen, Inc.*, No. 23-cv-8948 (LJL), 2024 U.S. Dist. LEXIS 8514, at *15-16 (S.D.N.Y. Jan. 17, 2024). "On a motion to remand, the defendant bears the burden of" proving federal jurisdiction" by the preponderance of evidence. New York v. DailyPay, Inc., No. 25-cv-3439

(JGK), 2025 U.S. Dist. LEXIS 186217, at *6 (S.D.N.Y. Sep. 19, 2025) quoting Cal. Pub. Emps.'

Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004); Minaudo v. Sunrise at Sheepshead

Bay, No. 22-CV-2579, 2023 U.S. Dist. LEXIS 2102, 2023 WL 110359, *2 (E.D.N.Y. Jan. 5, 2023)

(quoting Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613,

617 (2d Cir. 2019)." The Court must "construe the removal statute narrowly, resolving any doubts

against removability" "out of respect for the limited jurisdiction of the federal courts and the rights

of states." New York v. DailyPay, Inc., No. 25-cv-3439 (JGK), 2025 U.S. Dist. LEXIS 186217, at

*6 (S.D.N.Y. Sep. 19, 2025).

## II.    REMOVAL WAS PREMATURE AND IMPROPER BECAUSE IT WAS BASED ONLY ON A SUMMONS WITH NOTICE, NOT AN ACTUAL COMPLAINT DEFENDANTS' REMOVAL OF THIS ACTION WAS PROCEDURALLY AND SUBSTANTIVELY PREMATURE.

"A federal question arises if a substantial, disputed question of federal law is presented on

the face of the well-pleaded complaint." Dumont v. United States, No. 3:13-CV-0873, 2013 U.S.

Dist. LEXIS 170058, 2013 WL 6240468, *7 (N.D.N.Y. Dec. 3, 2013) (citing City of Rome v.

Verizon Commc'ns, Inc., 362 F.3d 168, 174 (2d Cir. 2004))."

Here, Defendants removed the case on the basis of a Summons with Notice before any

actual complaint was filed. Although a New York Summons with Notice can in some instances

constitute an "initial pleading" for purposes of 28 U.S.C. § 1446(b), it remains a placeholder that

merely gives general notice of the claims. In this case, the Summons with Notice's reference to a

42 U.S.C. § 1981 claim was not accompanied by any factual allegations or a full articulation of

causes of action, as a complaint would provide. Removing a case at this stage – before Plaintiff

even had an opportunity to draft and file a complaint – was at best hurried. See Carro v. Gaul, No.

1:25-cv-01227 (MAD/TWD), 2025 U.S. Dist. LEXIS 254315, at *8 (N.D.N.Y. Dec. 8, 2025)

(remanding the case where Plaintiffs have not served a complaint upon Defendant because it was premature). "Were Defendants' argument to be accepted, the federal court would take jurisdiction not only of claims that Plaintiff is pursuing but of all cases in which the legal possibility exists that the Plaintiff could pursue a claim that would invoke federal jurisdiction." 47 E. 34th St. (NY), L.P. v. Bridgestreet Worldwide, Inc., No. 20-cv-9978 (LJL), 2021 U.S. Dist. LEXIS 96173, at *23 (S.D.N.Y. May 20, 2021).

The Plaintiff is the "master" of his complaint and in that capacity he  determines which causes of action to bring and which to omit—irrespective of the viability of those claims. See **47 E. 34th St. (NY), L.P. v. Bridgestreet Worldwide, Inc.,** No. 20-cv-9978 (LJL), 2021 U.S. Dist. LEXIS 96173, at *22 (S.D.N.Y. May 20, 2021). Plaintiff has made clear that no federal claim will appear in the operative complaint. It is well established that the plaintiff is entitled to determine which claims to bring (and which to omit) and thus to avoid federal jurisdiction by relying exclusively on state-law claims.

Now that Plaintiff has unequivocally disclaimed the § 1981 claim, the basis for federal question jurisdiction has evaporated. In effect, there is and will be no federal "case or controversy" presented in Plaintiff's pleadings, and continuing to keep the case in federal court serves no legitimate purpose.

**III.    NO COMPLAINT HAS BEEN FILED AND THE FORTHCOMING COMPLAINT WILL CONTAIN NO FEDERAL CLAIMS, ELIMINATING ANY BASIS FOR FEDERAL JURISDICTION**

It is undisputed that no complaint has yet been filed in this action. The case is at a procedural stage even earlier than the typical post-removal amendment scenario – here, the federal claim was mentioned only in a preliminary notice and has been dropped even before a complaint materialized. Plaintiff's commitment to omit any federal claim from his impending complaint

means that, as soon as that complaint is filed (or the § 1981 claim is formally dismissed), the operative pleading will contain only state-law causes of action. Under binding law, a federal court cannot sustain jurisdiction once the claims giving rise to federal jurisdiction are gone. " Courts in this Circuit have granted motions to remand where a plaintiff's federal claims have been withdrawn or dismissed before the start of discovery, or prior to the court's decision on a motion to dismiss. See, e.g., Nix, 2017 U.S. Dist. LEXIS 104413, 2017 WL 2889503, at *4 (granting motion to remand where plaintiff voluntarily dismissed all of its federal claims prior to the beginning of discovery); Manginelli v. Homeward Residential, Inc., No. 13 CV 2334 (SJF)(AKT), 2013 U.S. Dist. LEXIS 175615, 2013 WL 6493505, at *7 (E.D.N.Y. Dec. 9, 2013) (declining to exercise supplemental jurisdiction over remaining state law claims where federal claims were withdrawn prior to any court appearance, dispositive motion, or discovery); Arthur Glick Truck Sales, Inc. v. H.O. Penn Mach. Co., 332 F. Supp. 2d 584, 586 (S.D.N.Y. 2004) "A plaintiff may avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." Brevard v. Wells Fargo Co., No. 23-CV-7702 (PAE) (KHP), 2024 U.S. Dist. LEXIS 46510, at *3-4 (S.D.N.Y. Mar. 15, 2024). Numerous courts have held, it is not manipulative for a plaintiff to seek to bring a case in state court by asserting only state claims, avoiding diversity, or amending a complaint as of right after removal. See, e.g., MHS Capital v. Goggin, No. 16-cv-1794 (VM), 2016 U.S. Dist. LEXIS 81185, 2016 WL 3522198, at *5 (S.D.N.Y. June 13, 2016) Certilman v. Becker, 807 F. Supp. 307, 310 (S.D.N.Y. 1992) ("The pleadings were amended early in the litigation with no prejudice to defendants, and a remand to state court would merely [*8] effectuate plaintiffs' original choice of a state forum. In such a case, the federal courts' traditional aversion to forum-shopping is not substantially implicated."). Thus, courts generally grant motions to remand where, as here, a plaintiff has voluntarily dismissed his federal claims early in the litigation, even when

his "manifest purpose in doing so is to defeat federal jurisdiction." Meer Enters., LLC v. Kocak, 2018 U.S. Dist. LEXIS 67107, at *7-8 (S.D.N.Y. Apr. 20, 2018).

Finally, Plaintiff notes that § 1447(c) permits the Court to award payment of costs and expenses, including attorneys' fees, incurred due to an improper removal. While Plaintiff does not allege that the initial removal was made in bad faith (it was prompted by the Summons's reference to § 1981), once Plaintiff offered a dismissal with prejudice of the federal claim, Defendants' insistence on forcing motion practice in federal court became unreasonable. The Court may consider whether an award of fees is appropriate to compensate Plaintiff for having to brief and argue this motion. Regardless of fees, the primary relief sought is remand itself.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion to remand this action to the Supreme Court of the State of New York, Kings County. Because there are no federal claims and thus no subject matter jurisdiction, remand should be ordered forthwith, without awaiting the filing of any further pleadings. Plaintiff further requests that the Court direct such other relief as may be just, including dismissal with prejudice of the § 1981 claim (to the extent it is deemed still pending) and an award of costs and attorney's fees if warranted under 28 U.S.C. § 1447(c).

Plaintiff's state-law claims belong in the forum he originally chose. This Court's jurisdiction was invoked prematurely and no longer exists. The proper and just course is to remand to state court so that the case may proceed on its merits there.

Dated: Orlando, Florida

Respectfully submitted,

**DEREK SMITH LAW GROUP PLLC**

By:

Melissa Mendoza, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119
(212) 587-0760
*Attorneys for Plaintiff*