UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DAOUD NELSON,                                                              Case No.: 25-cv-03269

                                        Plaintiff,

   -against-

AKELIUS REAL ESTATE MANAGEMENT LLC,
VIOLA HUBBARD, individually,
KIMIYA KHOSRAVANI, individually,
MARC WINN, individually, and
MARIA WERNER, individually,

                                        Defendants.
----------------------------------------------------------------------X

## AFFIRMATION OF MELISSA MENDOZA, ESQ. IN SUPPORT OF MOTION TO REMAND

    I, Melissa Mendoza, an attorney admitted to practice before this Court and counsel for Plaintiff Daoud Nelson hereby declare under penalty of perjury as follows:

1. I am an attorney at the Derek Smith Law Group, PLLC, counsel for Plaintiff, Daoud Nelson, in the above reference case and as such I am fully familiar with the facts and circumstances hereof to make this Affirmation.

2. I submit this Affirmation in Support of Plaintiff's Motion pursuant to 28 U.S.C. § 1447(c), to remand this case to the New York State Supreme Court, Kings County.

3. This action was initially commenced in the Supreme Court of the State of New York, Kings County, by the filing of a Summons with Notice on or about January 31, 2025. A true and correct copy of the Summons with Notice is attached hereto as Exhibit A.

4. The Summons with Notice generally described the nature of Plaintiff's claims. The first claim in the list was 42 U.S.C. § 1981. As permitted under N.Y. C.P.L.R. § 305(b), the Summons with Notice did not include a complaint or detailed allegations. It simply put

Defendants on notice of the causes of action Plaintiff intended to assert and the relief sought to be determined at trial.

5. On June 11, 2025, Defendants filed a Notice of Removal in the United States District Court for the Eastern District of New York, thereby removing the action from state court. A copy of the Notice of Removal (with its exhibits) is attached as Exhibit B. The Notice of Removal stated that removal was based on federal question jurisdiction because the Summons with Notice mentioned a claim under 42 U.S.C. § 1981. There were no other grounds for removal asserted (such as diversity jurisdiction).

6. After removal, around June 17 2025, I corresponded and conferred with Defendants' counsel regarding the posture of the case. A copy of this correspondence is attached as Exhibit C. I informed Defendants' counsel that Plaintiff had decided not to pursue any federal claim in this lawsuit. I requested that Defendants stipulate to: (a) the dismissal of any federal claim (specifically the 42 U.S.C. § 1981 claim) with prejudice; and (b) the remand of the case to New York State court, since the case would then involve exclusively state, city, and common law claims. This request was made in good faith in an effort to avoid unnecessary motion practice and delay this action.

7. Around June 26, 025, Defendants' counsel communicated that Defendants would not agree to a remand. Defendants' counsel stated that it appeared Plaintiff was attempting "forum shopping" by dropping the federal claim.

8. In light of Defendants' position, around June 26, 2025 Plaintiff requested the court sua sponte remand the case or, alternatively, leave to file a motion to remand the case. By Order dated December 12, 2025, District Court Judge Vitaliano granted Plaintiff permission to file a formal motion to remand.

9. No complaint has yet been filed in this action. Under the federal rules, Plaintiff's time to file a complaint was stayed or extended in light of the removal and the anticipated filing of this motion. Plaintiff has not served or filed any complaint in either state or federal court; the Summons with Notice remains the only initial pleading to date. However, Plaintiff unequivocally intends to file a complaint omitting any federal cause of action. The forthcoming Complaint will assert only claims arising under New York State, New York City and common laws.

10. I further note that this case is in its very infancy. No Answer has been filed by Defendants. No discovery has taken place (indeed, the Rule 26(f) conference has not yet occurred). There have been no motions on the merits and no hearings.

11. As supported by the evidence in this declaration and the Plaintiff's Memorandum of Law, the sole federal claim that triggered removal is no longer in play, and that fundamental fairness and jurisprudence favor remanding the case to state court immediately. Defendants will not be prejudiced by litigating in state court, whereas Plaintiff will be prejudiced by being denied his choice of where to be heard despite having eliminated any federal issue.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on January 19, 2026, at Orlando, Florida.

By: _____
Melissa Mendoza, Esq.