**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

DAOUD NELSON,

                Plaintiff,

    -against-                                 Docket No.: 1:25-cv-03269(JRC)(ENV)

AKELIUS REAL ESTATE MANAGEMENT LLC *et al*,

                Defendants.
-------------------------------------------------------------------- X

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

 

**RIVKIN RADLER LLP**
Kenneth A. Novikoff
Harini Maragh
926 RXR Plaza
Uniondale, New York 11556
(516) 357-3000
Ken.novikoff@rivkin.com
Harini.maragh@rivkin.com
*Attorneys for Defendants*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

LEGAL STANDARD ................................................................................................................ 1

ARGUMENT .............................................................................................................................. 2

    POINT I
    REMOVAL TO THIS COURT WAS NOT PREMATURE ..................................................... 2

    POINT II
    THE COURT SHOULD DECLINE TO REMAND THE CASE
    BASED ON PLAINTIFF'S FORUM MANIPULATION. ....................................................... 4

    POINT III
    THE REMAINING FACTORS FOR CONSIDERATION ON A MOTION TO REMAND
    ALSO WEIGH AGAINST GRANTING
    PLAINTIFF'S MOTION. ......................................................................................................... 6

    POINT IV THE COURT SHOULD DENY ANY REQUEST FOR FEES
    IN LIGHT OF PLAINTIFF'S MANIPULATION. .................................................................. 7

CONCLUSION ........................................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*47 E. 34th St. (NY), L.P. v. Bridgestreet Worldwide, Inc.*,
　2021 U.S. Dist. LEXIS 96173 (S.D.N.Y. May 20, 2021)..........................................................3

*Bradford v. Olympic Courier Sys.*,
　No. CV 96-5693, 1997 U.S. Dist. LEXIS 13978 (E.D.N.Y. Sept. 2, 1997).............................4

*Brevard v. Wells Fargo Co.*,
　2024 U.S. Dist. LEXIS 46510 (S.D.N.Y. Mar. 15, 2024) .........................................................5

*Carnegie-Mellon University v. Cohill*,
　484 U.S. 343 (1988)..................................................................................................................4

*Carro v. Gaul*,
　2025 U.S. Dist. LEXIS 254315 (N.D.N.Y. Dec. 8, 2025).........................................................3

*Gonzalez v. Red Apple Grp., Inc.*,
　2022 U.S. Dist. LEXIS 21822 (E.D.N.Y. Feb. 5, 2022)....................................................4, 5, 6

*Luby's Fuddruckers Restaurants, LLC v. Visa Inc.*,
　342 F. Supp. 3d 306 (E.D.N.Y. 2018) ......................................................................................4

*Meer Enters., LLC v. Kocak*,
　2018 U.S. Dist. LEXIS 67107 (S.D.N.Y. Apr. 20, 2018)..........................................................5

*Okuma v. Crotona Park West Hous. Dev. Fund Corp.*,
　2014 U.S. Dist. LEXIS 143444 (S.D.N.Y. Sept. 29, 2014).......................................................1

*Payne v. Parkchester North Condominiums*,
　134 F. Supp.2d 582 (S.D.N.Y. 2001)....................................................................................5, 6

*Royal Canin U.S.A., Inc. v. Wullschleger*,
　604 U.S. 22 (2025)....................................................................................................................2

*Shorts v. Cedars Bus. Servs., LLC*,
　767 F. Supp. 3d 96 (S.D.N.Y. 2025).........................................................................................2

*Spehar v. Fuchs*,
　2003 U.S. Dist. LEXIS 10406 (S.D.N.Y. June 17, 2003).........................................................6

*Westchester Cnty. v. Mylan Pharms., Inc.*,
　2025 U.S. Dist. LEXIS 21968 (S.D.N.Y. Feb. 3, 2025).......................................................6, 7

*Whitaker v. American Telecasting, Inc.*,
　261 F.3d 196 (2d Cir. 2001)......................................................................................................2

## PRELIMINARY STATEMENT

Defendants Akelius Real Estate Management LLC, Viola Hubbard, Kimiya Khosravani, Marc Winn, and Maria Werner (hereinafter "Defendants") oppose Plaintiff Daoud Nelson's (the "Plaintiff") motion to remand this matter to the Supreme Court of the State of New York, Kings County pursuant to 28 U.S.C. § 1447(c).

Plaintiff's pleading currently contains a federal claim--that is, that Defendants violated 42 U.S.C. § 1981. Following Defendants' proper removal of this case to federal court, Plaintiff offered to dismiss his federal claim with prejudice. However, this tactical move is grounded in bad faith, as he only seeks to do so in an attempt to forum shop and divest this Court of its original jurisdiction. The Court should therefore deny Plaintiff's motion to remand in its entirety, including his request to recover fees associated with this proceeding.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The party seeking removal of an action from state to federal court bears the burden of proving federal jurisdiction." *Okuma v. Crotona Park West Hous. Dev. Fund Corp.*, 2014 U.S. Dist. LEXIS 143444, at *5 (S.D.N.Y. Sept. 29, 2014) (citations omitted). "Absent diversity of citizenship, federal-question jurisdiction is required." *Okuma*, 2014 U.S. Dist. LEXIS 143444, at *5.

Once a notice of removal has been filed in federal court, a plaintiff can move to remand the case within thirty (30) days for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Notably, when considering a motion to remand, a court must accept as true all allegations in the

complaint and construe any factual ambiguities in the plaintiff's favor. *Shorts v. Cedars Bus. Servs., LLC,* 767 F. Supp. 3d 96, 103 (S.D.N.Y. 2025).

As discussed below, even under this lenient standard, Plaintiff has not provided the Court with sufficient reason to grant his motion to remand.

## ARGUMENT

## POINT I

## REMOVAL TO THIS COURT WAS NOT PREMATURE.

Plaintiff incorrectly argues that Defendants' removal of the case was premature because no complaint has been filed. *See, Plaintiff's Memorandum of Law, at pp. 3-4.* He argues that the Summons with Notice was merely a placeholder to give Defendants notice of the claims but did not contain a full breakdown of the claims as a standard complaint would. *Id.* Plaintiff's "placeholder" argument has no basis in law.

It is well settled that removal is based on the claims presented in the pleadings before the court. *See, Royal Canin U.S.A., Inc. v. Wullschleger,* 604 U.S. 22, 43 (2025) ("[t]he earliest version of [plaintiff's] suit contained federal-law claims and therefore was properly removed to federal court."). As Plaintiff himself concedes, a Summons with Notice <u>can</u> constitute an initial pleading under 28 U.S.C. § 1446(b). *See, Plaintiff's Memorandum of Law, at p. 3*; *see, also*, *Whitaker v. American Telecasting, Inc.,* 261 F.3d 196 (2d Cir. 2001) (stating that a summons with notice may serve as an initial pleading so long as its removability can be assessed on its face).

Defendants filed their removal papers based on the Summons with Notice that was filed by Plaintiff in the Kings County Supreme Court on January 31, 2024. Notably, Plaintiff, listed 42 U.S.C. § 1981 as his <u>first</u> claim against Defendants. Consequently, there was a reasonable basis to file the removal papers based on the content in the Summons with Notice.

2

Plaintiff also cites to several cases – none of which have any relevance or applicability here. Plaintiff cites *Carro v. Gaul*, 2025 U.S. Dist. LEXIS 254315, at *8 (N.D.N.Y. Dec. 8, 2025), to support his proposition that Defendants impulsively filed their removal papers. *See, Plaintiff's Memorandum of Law, at p. 3.* In *Carro*, defendant filed his notice of removal without having been properly served with a complaint. *Id.,* at *6. Having failed to comply with, *inter alia,* the Court's individual rules and practices requiring a statement detailing receipt of a copy of the summons and complaint, the District Court in *Carro* held the removal filing to be procedurally defective, necessitating remand. *Id.*, at *6-7. Unlike *Carro*, Defendants were properly served with Plaintiff's Summons with Notice.

Plaintiff also cites to *47 E. 34th St. (NY), L.P. v. Bridgestreet Worldwide, Inc.,* 2021 U.S. Dist. LEXIS 96173 (S.D.N.Y. May 20, 2021), suggesting that retaining jurisdiction would mean that *all* possible cases could invoke federal jurisdiction. *See, Plaintiff's Memorandum of Law, at p. 4.* This position is, respectfully, non-sensical. Defendants are not conjuring up jurisdiction for purposes of removal. Rather, Plaintiff intentionally invoked federal jurisdiction by including a federal claim—42 U.S.C. § 1981—in his initial pleading. The *Bridgestreet* court focused, *inter alia*, on whether the facts and circumstances "arose under" the bankruptcy code so as to trigger the court's jurisdiction. *Id.* at *8, 21-23. Here, in contrast, no such "arising under" analysis is needed.

Accordingly, Defendants properly removed the case from the Kings County Supreme Court to this Court pursuant to 28 U.S.C. §§ 1441, 1446(b).

## POINT II

### THE COURT SHOULD DECLINE TO REMAND THE CASE BASED ON PLAINTIFF'S FORUM MANIPULATION.

Plaintiff next claims that his forthcoming complaint will only contain state claims, thus eradicating any federal question jurisdiction. *See, Plaintiff's Memorandum of Law, at pp  4-6.* However, the Court should look past Plaintiff's quickness to drop the federal claim and instead find that he is engaging in impermissible forum manipulation.

"A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case." *Gonzalez v. Red Apple Grp., Inc.,* 2022 U.S. Dist. LEXIS 21822, at *13 (E.D.N.Y. Feb. 5, 2022) (citing *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 357 (1988)). A court should consider a plaintiff's forum manipulation "in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Bradford v. Olympic Courier Sys.,* 1997 U.S. Dist. LEXIS 13978, at *7 (E.D.N.Y. Sept. 2, 1997). Other factors that a court may consider on a motion to remand include: "the values of judicial economy, convenience, fairness, and comity." *Gonzalez,* 2022 U.S. Dist. LEXIS 21822 at *19.

Here, the Court should not countenance Plaintiff's attempt to remand this action *ex-post facto*. Plaintiff in this case should not be allowed to unilaterally, and with the benefit of hindsight, tailor his complaint to strip a District Court of its original jurisdiction, after strategically deciding it would prefer not to have his claims adjudicated in Federal court. *See, e.g., Luby's Fuddruckers Restaurants, LLC v. Visa Inc.,* 342 F. Supp. 3d 306, 320 (E.D.N.Y. 2018) (denying remand where plaintiff filed motion along with amended complaint and offered no reason to amend other than forum shopping). Indeed, if every plaintiff was allowed to, for purely strategic reasons, simply

4

drop their federal claim from a complaint as soon as removal occurs, then the refuge of removal would cease to exist.

Courts in this Circuit have rejected similar behavior. In *Payne v. Parkchester North Condominiums,* 134 F. Supp.2d 582, 586, 587 (S.D.N.Y. 2001), the District Court granted defendants' motion to remand for several reasons: (1) plaintiffs unequivocally asserted federal claims in their complaint; (2) plaintiffs waited months to file a motion to remand which suggested "unreasonable delay and perhaps even a kind of retaliatory intent;" and (3) plaintiffs conceded "that they had no additional reason beyond forum-shopping for now seeking to hinge their case on state law."

Indeed, like *Payne*, Plaintiff too fails to proffer a legitimate reason for eliminating the federal law claim. Notably, this is not a case in which the federal claim was mistakenly identified, was insignificant, or arose out of different transactions or occurrences from the state law claim. *See, e.g., Gonzalez v. Red Apple Group, Inc.*, 2022 U.S. Dist. LEXIS 21822, at *15 (E.D.N.Y. Feb. 5, 2022); *see also Payne,* 134 F. Supp. 2d at 586 (S.D.N.Y. 2001) ("[t]he most innocent request to strike federal claims materializes when a plaintiff did not initially realize that his complaint would be construed as containing federal subject matter"). Rather, Plaintiff's federal and state law claims in this action stem from the same set of events, and no legitimate argument can be presented that Plaintiff was unaware that he was asserting a federal claim in his Summons with Notice.

Plaintiff again cites to inapposite cases for the proposition that he can simply "avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *See, e.g., Brevard v. Wells Fargo Co.,* 2024 U.S. Dist. LEXIS 46510, at *3 (S.D.N.Y. Mar. 15, 2024). However, unlike here, the District Court in *Brevard* stated the case was improperly removed because the complaint had not alleged a federal claim to begin with. *Id.* at *4. Further, Plaintiff

5

essentially admits that his "manifest purpose" to eliminate the federal claim "is to defeat federal jurisdiction." *See, Plaintiff's Memorandum of Law,* at pp. 5-6 (citing *Meer Enters., LLC v. Kocak,* 2018 U.S. Dist. LEXIS 67107, at *7-8 (S.D.N.Y. Apr. 20, 2018)).

Given Plaintiff's admitted attempt at forum manipulation, his motion to remand should be denied.

## POINT III

### THE REMAINING FACTORS FOR CONSIDERATION ON A MOTION TO REMAND ALSO WEIGH AGAINST GRANTING PLAINTIFF'S MOTION.

The remaining factors for consideration on a motion to remand, including values of judicial economy, convenience, fairness, and comity also militate against granting Plaintiff's motion. *See, Gonzalez,* 2022 U.S. Dist. LEXIS 21822, at *6. Plaintiff argues that no discovery has been taken, so the Court should grant his motion to remand. Nevertheless, the same is true for the motion to retain the case in *this* Court. There have been *no* filings in the state court matter to date, and *no* discovery has taken place there. Perhaps more importantly, no judge has been assigned to that case. Indeed, there has been more progress made on the case in this Court, and the Court arguably has more familiarity with the case given the letters and the instant motion that has been filed, requiring issuance of an Order denying Plaintiff's motion to remand. *See Payne,* 134 F. Supp.2d at 587 (denying motion to remand which would "postpone the litigation, waste judicial resources, and perhaps cause inconsistences in discovery procedure"); *cf. Spehar v. Fuchs,* 2003 U.S. Dist. LEXIS 10406, at *31 (S.D.N.Y. June 17, 2003) (granting motion to remand where plaintiff disposed of federal claim with amended complaint and no discovery had yet occurred).

6

## POINT IV

### THE COURT SHOULD DENY ANY REQUEST FOR FEES IN LIGHT OF PLAINTIFF'S MANIPULATION.

Plaintiff summarily requests fees under 28 U.S.C. § 1447(c) incurred as a result of the removal. *See, Plaintiff's Memorandum of Law at 6.* However, such fees are typically only awarded "where the removing party lacked an objectively reasonable basis for seeking removal." *Westchester Cnty. v. Mylan Pharms., Inc.,* 2025 U.S. Dist. LEXIS 21968, at *3-4 (S.D.N.Y. Feb. 3, 2025). "Objective reasonableness is evaluated based on the circumstances *as of the time that the case was removed.*" *Id.* (Emphasis added).

Plaintiff seeks fees based on the fact that he offered to dismiss the federal claim, but Defendants ostensibly insisted on moving forward with motion practice. Nevertheless, Plaintiff obfuscates the timeline of occurrences in this proceeding—he only offered to remove the federal claim *after* the removal papers were filed with the Court. This means that Defendants' removal was grounded in good faith.

The Court should additionally deny Plaintiff's request for fees under 28 U.S.C. § 1447(c) in light of his blatant manipulation and gamesmanship. Indeed, it was Defendants—not Plaintiff—who has had to waste time, money, and efforts to draft removal papers and now this opposition to Plaintiff's motion to remand because of Plaintiff's own unpredictable statements.

Given Defendants' good faith and reasonable actions in this proceeding to date, any request for fees pursuant to 28 U.S.C. § 1447(c) against Defendants should be denied.

7

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion to remand this action in its entirety.

Dated: Uniondale, New York
February 17, 2026

                                                RIVKIN RADLER LLP

                                                By: /s/ *Kenneth A. Novikoff*
                                                      Kenneth A. Novikoff
                                                      Harini Maragh
                                                      926 RXR Plaza
                                                      Uniondale, New York 11556
                                                      (516) 357-3000
                                                      Ken.novikoff@rivkin.com
                                                      Harini.maragh@rivkin.com
                                                      *Attorneys for Defendants*

4901-7825-8060, v. 2