UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DAOUD NELSON,

                                Plaintiff,

   -against-

AKELIUS REAL ESTATE MANAGEMENT LLC,
VIOLA HUBBARD, individually,
KIMIYA KHOSRAVANI, individually,
MARC WINN, individually, and
MARIA WERNER, individually,
                            Defendants.
-------------------------------------------------------------------X

Case No.: 25-cv-03269

# PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO REMAND

Dated: February 23, 2026
Orlando, Florida

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*
Melissa Mendoza, Esq.
450 Seventh Avenue, 30th Floor
New York, New York 10123
(332) 910-5677
melissa@dereksmithlaw.com

**PRELIMINARY STATEMENT**

Defendants' opposition does not dispute the central fact underlying Plaintiff's motion: Plaintiff will not pursue any federal claim in this action. Instead, Defendants argue that this Court should retain jurisdiction based solely on a reference to 42 U.S.C. § 1981 in a New York Summons with Notice—despite the absence of any filed complaint, any discovery, or any substantive federal proceedings. They further contend that Plaintiff's withdrawal of the § 1981 claim constitutes impermissible forum manipulation. Neither argument justifies continued federal jurisdiction.

Once the § 1981 claim is eliminated, no basis for federal-question jurisdiction remains. And at this early procedural stage, the traditional discretionary factors overwhelmingly favor remand. The opposition does not meaningfully address either point. Remand is therefore required.

**ARGUMENT**

**POINT I  ROYAL CANIN COMPELS REMAND AS A MATTER OF LAW, AND DEFENDANTS' OPPOSITION DOES NOT MEANINGFULLY ADDRESS IT.**

Defendants' opposition quotes Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22 (2025), for the limited proposition that the "earliest version" of a suit containing federal claims may be properly removed. See Defs.' Opp. at 2. This selective quotation strips Royal Canin of its actual holding and primary significance, which cuts sharply in Plaintiff's favor.

**POINT II  PLAINTIFF'S DECISION TO DROP THE § 1981 CLAIM IS NOT FORUM MANIPULATION—IT CORRECTS A PLEADING IMPRECISION AND IS EXPRESSLY PERMITTED BY LAW.**

1

Defendants devote much of their opposition to the argument that Plaintiff's withdrawal of the § 1981 claim constitutes impermissible "forum shopping." Defs.' Opp. at 4-6. This argument fails for multiple independent reasons.

First, as established above, Royal Canin categorically forecloses using forum manipulation as a basis to retain jurisdiction once federal claims are eliminated by amendment. Even assuming such an inquiry were relevant, the cases Defendants cite are distinguishable on their facts and superseded as a matter of law.

Second, Plaintiff is the master of his complaint. It is a foundational principle of federal jurisdiction that a plaintiff may choose what claims to assert and what claims to omit. Royal Canin, 604 U.S. at 34 ("[A plaintiff's] control over those matters extends beyond the time [his] first complaint is filed."). Plaintiff's forthcoming complaint will assert only state-law claims. That is Plaintiff's prerogative, and Defendants' disagreement with that strategic choice does not transform a lawful amendment into impermissible manipulation.

Third, the distinction from Payne v. Parkchester North Condominiums, 134 F. Supp. 2d 582 (S.D.N.Y. 2001)—Defendants' primary authority—could not be more stark. The Payne court denied remand after more than seven months of federal court proceedings, during which the plaintiff delayed in seeking remand and expressly admitted at oral argument that forum shopping was his only reason for the amendment. None of those facts are present here. Plaintiff sought remand promptly after removal, before any complaint was filed, before any discovery has occurred, and before any judge has been assigned in state court. Payne itself acknowledged that the "most innocent request to strike federal claims materializes when a plaintiff did not initially realize that his complaint would be construed as containing federal subject matter." 134 F. Supp. 2d at 586. That describes this case exactly.

2

## POINT III  EVEN UNDER THE PRE-ROYAL CANIN DISCRETIONARY FRAMEWORK, EVERY FACTOR WEIGHS IN FAVOR OF REMAND.

Even assuming arguendo that the Court retains discretion under traditional supplemental jurisdiction principles, the relevant factors strongly support remand. This case is at the earliest possible stage. The only substantive activity concerns this jurisdictional dispute. No complaint has been filed and no discovery has commenced. Retaining jurisdiction would not preserve significant federal judicial investment.

The action was filed in Kings County. The parties and events are located in New York. Remand imposes no additional inconvenience.

Plaintiff chose a state forum for state-law claims. Forcing Plaintiff to litigate exclusively state-law causes of action in federal court after the federal claim has been withdrawn would not advance fairness.

All remaining claims arise under New York law, including the New York Human Rights Law, the New York City Human Rights Law, the New York Achieve Pay Equity Act, and the New York Labor Law. State courts are well positioned to adjudicate such claims.

At this procedural stage, these factors weigh decisively in favor of remand.

## POINT IV  DEFENDANTS' CONDUCT IN REFUSING TO STIPULATE WARRANTS AN AWARD OF FEES UNDER 28 U.S.C. § 1447(c).

Defendants assert that their removal was in "good faith" because it was filed before Plaintiff offered to drop the § 1981 claim. Defs.' Opp. at 7. But Defendants' good-faith argument addresses only the initial act of removal. It does not address the critical question of whether the removal, viewed objectively at the time it was sought, had a reasonable basis—which it did not given that

3

no complaint had yet been filed and the only basis for removal was a placeholder reference in a bare Summons with Notice.

Under 28 U.S.C. § 1447(c), fees are appropriate "where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The Court noted in Martin that the standard should "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." Id. at 140. Removal based solely on a bare Summons with Notice—without any complaint, factual allegations, or fully articulated causes of action—raises serious questions about objective reasonableness at the time of removal.

Moreover, the "unusual circumstances" exception recognized in Martin encompasses precisely the situation here: Plaintiff immediately offered to stipulate to dismiss the federal claim with prejudice and consent to remand. This offer rendered continued federal litigation needless from that point forward.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Plaintiff's opening memorandum, Plaintiff Daoud Nelson respectfully requests that this Court:

(1) Grant Plaintiff's motion to remand this action forthwith to the Supreme Court of the State of New York, Kings County;

(2) Direct that Plaintiff's 42 U.S.C. § 1981 claim be dismissed with prejudice, to the extent it is deemed still pending;

4

(3) Award Plaintiff his reasonable attorneys' fees and costs incurred in connection with this motion pursuant to 28 U.S.C. § 1447(c); and

(4) Grant such other and further relief as the Court deems just and proper.

Dated: Orlando, Florida

Respectfully submitted,<br>
**DEREK SMITH LAW GROUP PLLC**

By: /s/ *[signature]*

*Attorneys for Plaintiff*

5